**IN THE COURT OF APPEALS OF IOWA**

No. 21-0615
Filed July 21, 2021

**IN THE INTEREST OF H.B.,**
**Minor Child,**

**D.N., Mother,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

　　A mother appeals the termination of her parental rights. **AFFIRMED.**

　　Patricia J. Lipski, Washington, for appellant mother.

　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　Sam K. Erhardt, Ottumwa, attorney and guardian ad litem for minor child.

　　Considered by Vaitheswaran, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

A mother appeals the termination of her parental rights to her child, H.B. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. "However, if a parent does not challenge a step in our analysis, we need not address it." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *1 (Iowa Ct. App. Jan. 9, 2020).

The mother only challenges the juvenile court's best-interest determination. So we limit our review to that step of our analysis. On appeal, the mother contends termination was not in H.B.'s best interest because it would sever all legal and familial ties between mother and child. Instead, the mother contends we should preserve those ties by ordering establishment of a guardianship with H.B.'s maternal great aunt and uncle. *See* Iowa Code §§ 232.104(2)(d)(1) (2021) (permitting the juvenile court to enter an order "[t]ransfer[ring] guardianship and custody of the child to a suitable person" following a permanency hearing), .117(5)

authorizing the court to enter an order in accordance with section 232.104 if, following a termination trial, "the court does not order the termination of parental rights but finds that there is clear and convincing evidence that the child is a child in need of assistance").

We disagree for two reasons. First, although an Interstate Compact on the Placement of Children study for the maternal great aunt and uncle was underway at the time of the termination hearing, it was not yet complete.[1] So we have no information as to whether the maternal great aunt and uncle would be appropriate guardians for H.B. And so we cannot say it would be in H.B.'s best interest to be placed with them in a guardianship.[2] Moreover, as a general matter, "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017)).

Second, we do not believe that maintaining legal and familial ties with the mother would be in H.B.'s best interest. The mother struggles with substance abuse, including methamphetamine abuse, and has yet to complete substance-abuse treatment. The mother has not cooperated with recommendations to engage in mental-health services. And the mother exercised only sporadic visitation with H.B., making her an inconsistent presence in H.B.'s young life. When the mother did attend visitation, their visits often did not include meaningful interaction—H.B. was more engaged with the visitation supervisor while the

---

[1] The Iowa Department of Human Services only became aware of the maternal great aunt and uncle, who live in Texas, and their interest in H.B. three or four weeks prior to the termination hearing.

[2] And as the State points out, the mother failed to preserve error on her claim that termination is not in H.B.'s best interest because a guardianship could be established instead. She never brought this argument before the juvenile court.

mother spent time on her phone. So we conclude termination is in H.B.'s best interest.

**AFFIRMED.**